THE FROST MANUFACTURING COMPANY

*v.*

SAMUEL H. SMITH.

*Opinion filed June 19, 1902.*

EVIDENCE—*what will justify a jury in finding that negligence was the master's.* Evidence that plaintiff was engaged in framing timbers in a building, and that he desired to move to some other place to work when a scaffold for the men who were setting girders was erected above him; that he remained by the direction of the superintendent, who had refused to allow the men to use two by eight pieces in the scaffold and directed them to use two by sixes, one of which broke and caused the scaffold to fall upon plaintiff, is sufficient to justify a verdict that the injury was caused by the master's negligence, rather than of the men who erected the scaffold.

*Frost Manf. Co.* v. *Smith,* 98 Ill. App. 308, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Knox county; the Hon. GEORGE H. THOMPSON, Judge, presiding.

WILLIAMS, LAWRENCE & WELSH, for appellant.

SHUMWAY & RICE, FLETCHER CARNEY, and JAMES W. CARNEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Appellate Court affirmed the judgment of the Knox circuit court obtained by Smith, the appellee, against appellant, for a personal injury, and thus settled all controverted questions of fact in favor of Smith.

The appellant was engaged in constructing buildings for its manufacturing plant and had employed mechanics to perform the work. Smith was one of a number of carpenters engaged at work in one of the buildings. He had been employed for appellant by one Davidson, its superintendent or foreman, and worked under the direction of Davidson. Smith had been assigned by Davidson to the framing of timbers in one of the buildings. Other carpenters, working above on platforms erected by them under the direction of Davidson, were engaged in putting in girders in the building, and while so engaged the platform fell and struck and injured Smith, who was working under, or nearly under, it. This platform had not at first been erected over or near where Smith was at work, but had been taken down and re-constructed several times, as the work of the carpenters, in putting up the girders, advanced toward the part of the building where Smith worked. When the platform was at last erected above him he proposed to move from under it to another part of the building, but Davidson directed him to continue his work at the same place, and soon thereafter the platform fell and injured him, as above stated.

No questions of law are presented by the record, except upon the instructions given or refused.

The principal contention of appellant is, that the carpenters who erected the scaffold were fellow-servants of Smith, and that their negligence in constructing the scaffold, or in overloading it, was the negligence of fellow-servants, for which Smith could not recover. Whether or not Smith and the other carpenters were fellow-servants engaged in the same line of employment was a question of fact, which has been settled against appellant. In fact, there is no evidence in the record that he had anything to do with the work in which the other carpenters were engaged. He had nothing to do with the construction of the platform, nor with its use after it was constructed. The principle applicable to the case

would seem to be the duty resting upon the master to provide the plaintiff with a reasonably safe place to work. Davidson represented the master, and the evidence shows that some of the workmen suggested to him that the cross-pieces supporting the platform should be two by eight inches instead of two by six, as directed by Davidson to be used, but that he replied that pieces of the latter size were strong enough for any use. It proved otherwise, for the breaking of one of these pieces caused the injury. Besides, as before said, Smith, at the direction of Davidson, remained at work at the same place against his expressed wish to move when the platform had been erected over him. It therefore appeared—at least the jury were justified in finding—that the default was that of the master through its vice-principal, and not that of a fellow-servant.

The court instructed the jury, in substance, after explaining the term "fellow-servant," that if they believed, from the evidence, that the injury complained of was caused by the negligence of a fellow-servant of the plaintiff he could not recover, but if they found it was caused by the negligence of the master, through its superintendent, either in the construction of the scaffold or in the use of it, as alleged in the declaration, then they should find for the plaintiff. They were also sufficiently instructed on the question of the necessity of due care on the part of the plaintiff. The instructions were inartificially drawn and were unnecessarily long and involved, but their substance was as stated. We are unable to find in them any sufficient ground upon which to base a judgment of reversal.

The judgment of the Appellate Court will therefore be affirmed.                          *Judgment affirmed.*